SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benton Gene Baskin,<br><br>                Plaintiff,<br><br>v.<br><br>Todd Thomas, et al.,<br><br>                Defendants. | No.   CV 21-01890-PHX-SPL (JFM)<br><br>**ORDER** |

On November 8, 2021, Plaintiff Benton Gene Baskin, who then-appeared to be confined in the Saguaro Correctional Center (SCC) in Eloy, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983, an Application to Proceed In Forma Pauperis (Doc. 2), and a motion to appoint counsel (Doc. 3). The same day, a notice of assignment was docketed and mailed to Plaintiff at SCC, which appeared as his address of record (Doc. 4). On November 18, 2021, the copy of the notice of assignment mailed to Plaintiff was returned as undeliverable (Doc. 5). In a December 15, 2021 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis (Doc. 6).[1] Copies of that Order mailed to Plaintiff at the SCC address were returned as undeliverable (Doc. 7).  After Plaintiff failed to either pay the filing and administrative fees or file a properly complete Application to Proceed In Forma Pauperis, the Clerk of Court entered Judgment of dismissal (Doc. 8).  A copy of the Judgment sent to Plaintiff at SCC was

---

[1] The Court also denied the motion to appoint counsel.

JDDL

returned as undeliverable (Doc. 9).

On August 4, 2022, Plaintiff sent a letter to the Court, which was filed in this case (Doc. 10), with a return address of the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas. In the Letter, Plaintiff states that he "evidenced his new address" on November 1, 2021 but never received an acknowledgment. Plaintiff claims that the return address on this Letter is "and always has been" his up-to-date address. However, the return address on his Complaint was for SCC not HCF, and the SCC address was entered on the docket. (Doc. 1 at 1.) While the Complaint listed SCC as Plaintiff's address, the return address on the envelope in which Plaintiff mailed his Complaint was for HCF as was a copy of an October 21, 2021 letter addressed to the Clerk of Court. Under the circumstances, the Court will vacate entry of Judgment and reopen this case. The Court will grant Plaintiff 30 days to either pay the $350.00 filing fee and the $52.00 administrative fee or file a new complete Application to Proceed In Forma Pauperis (Non-Habeas).

**I.      Payment of Filing Fee**

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $52.00 administrative fee in a lump sum or, if granted the privilege of proceeding in forma pauperis, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed in forma pauperis requires an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the six months preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). An inmate must submit statements from each institution where the inmate was confined during the six-month period. *Id.* To assist prisoners in meeting these requirements, the Court requires use of a form application. LRCiv 3.4.

If a prisoner is granted leave to proceed in forma pauperis, the Court will assess an initial partial filing fee of 20% of either the average monthly deposits or the average monthly balance in Plaintiff's account, whichever is greater. 28 U.S.C. § 1915(b)(1). An initial partial filing fee will only be collected when funds exist. 28 U.S.C. § 1915(b)(4).

The balance of the $350.00 filing fee will be collected in monthly payments of 20% of the preceding month's income credited to an inmate's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

As stated above, Plaintiff's previous Application to Proceed was denied as deficient. Therefore, the Court will grant Plaintiff 30 days in which to file a new complete Application to Proceed In Forma Pauperis.

**II.     Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The February 3, 2022 Judgment (Doc. 8) is **vacated,** and the Clerk of Court must **reopen** this case.

(2)     Within **30 days** of the date this Order is filed, Plaintiff must either pay the $350.00 filing fee and $52.00 administrative fee **or** file a new complete Application to Proceed In Forma Pauperis and a certified six-month trust account statement.

(3)     If Plaintiff fails to either pay the $350.00 filing fee and $52.00 administrative fee or file a new complete Application to Proceed In Forma Pauperis within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff and deny any pending unrelated motions as moot.

(4)     The Clerk of Court must mail Plaintiff a court-approved form for filing an

**JDDL**

- 3 -

1  Application to Proceed In Forma Pauperis (Non-Habeas).

2      (5)    The Clerk of Court must update Plaintiff's address of record to that reflected in his Letter (Doc. 10) and send Plaintiff a copy of the notice of assignment, Doc. 4, and copies of the Order and Judgment filed in this case, Docs. 6 and 8.

    Dated this 15th day of August, 2022.

                                                 Honorable Steven P. Logan
                                                 United States District Judge

**JDDL**