

Benton G. Baskin, I/M #52888
Hutchinson Correctional Facility Central
P.O. Box 1568
Hutchinson, Kansas 67504
Phone: (620)-662-2321
Fax: (620)-728-3473
E-mail: www.gettingout.com
*Plaintiff-Civil Rights Complainant Pro se*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benton Gene Baskin,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Todd Thomas, et al.,<br><br>　　　　　Defendants. | CASE NO. CV-21-01890-PHX-SPL(JFM)<br><br>**PLAINTIFF BASKIN'S RESPONSE AND MOTION TO DISMISS DEFENDANTS GIABOIAN AND DIAZ, MOTION TO DISMISS DUE TO LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, OR FAILURE TO STATE A CLAIM, OR ALTERNATIVELY TO TRANSFER** |

　　　Plaintiff Baskin moves to dismiss Defendants (FNU) Giaboian and (FNU) Diaz, motion to dismiss the pending and timely filed civil rights Complaint pursuant to 42 U.S.C. § 1983, under the prison mailbox rule.  Additionally Arizona's long-arm statute confer personal jurisdiction over Defendants Giaboian and Diaz, to the maximum extent allowed by the Due Process Clause of the United States Constitution, under Ariz. Civ. R. P. 4.2(a), and venue is proper under the provisions of 28 U.S.C. § 1391 (b)(2). Also, the Complaint alleges sufficient facts under a cognizable legal theory, which meet the requirements outlined in Ariz. Civ. R. P. 8.2(a), and

Further there are not any regulatory or policy interests that would be served by transferring this case to the District of Kansas.  Finally, Defendants Giaboian and Diaz, motion should be

dismissed for failure to follow this Court's Order to respond to Plaintiff's deliberate indifference to a threat of safety claim in Count II. (Doc. 14, IV). Therefore Plaintiff Baskin respectfully requests that this motion to dismiss Defendants Giaboian and Diaz motion may be granted.

## I.     BACKGROUND.

Plaintiff Benton Gene Baskin, a Kansas Department of Corrections ("KDOC") Inmate whom was Interstate Corrections Compact ("ICC") transfered to CoreCivic Saguaro Correctional Center ("CSCC") in Eloy, Arizona, on October 23, 2019, and resided as an Arizona Contract Kansas Prisoner for seventeen months, then Interstate Corrections Compact ("ICC") tranfer returned on December 17, 2020, to the Kansas Department of Corrections ("KDOC") at the Hutchinson Correctional Facility Central-Unit ("HCFCU") in Hutchinson, Kansas. (Dkt. 10, 12). On October 21, 2021, Plaintiff Benton Gene Baskin, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983, an Application to Proceed In Forma Pauperis (Doc. 2), and a motion to Appoint Counsel (Doc. 3) and delivered the documents to Prison Official Ms. Sarah Roach, Unit Team Manager ("UTM") at Hutchinson Correctional Facility Central-Unit ("HCFCU").  **See Exhibit {A}** *Kansas Deparment of Corrections Account Withdrawal Request Form for Postage, Proof Evidencing that the Documents were Delivered on October 22, 2021 for Mailing.*
Under the prison mailbox rule a prisoner's filings are deemed "filed" at the time they are delivered to prison official for mailing. *See Stillman v. LaMarque*, 319 F.3d 1199 (9th Cir. 2003).

Here this Court received on November 8, 2021, Plaintiff Benton Gene Baskin's, pro se civil rights Complaint pursuant to 42 U.S.C. § 1983, Application to Proceed In Forma Pauperis (Doc. 2), and a motion to Appoint Counsel (Doc. 3).   The same day, a notice of assignment was

docketed and mailed to Plaintiff Baskin at ("CSCC"), which appeared as his address of record (Doc. 4) on the Complaint, but his return address was listed as ("HCFCU") on the envelope containing the Complaint. On November 18, 2021, the copy of the notice of assignment mailed to Plaintiff Baskin was returned as undeliverable (Doc. 5). The Prison Officials at ("CSCC") were aware of Plaintiff Baskin's address and failed to forward the notice of assignment to Plaintiff at the ("HCFCU") address.

In a December 15, 2021 Order this Court denied the deficient Application to Proceed In Forma Pauperis (Doc. 6) copies of that Order mailed to Plaintiff at the ("CSCC") address were returned as undeliverable (Doc. 7), After Plaintiff failed to either pay the filing and administrative fee or properly complete Application to Proceed In Forma Pauperis, the Clerk of Court entered judgment of dismissal (Doc. 8). A copy of judgment to Plaintiff at ("CSCC") was returned as undeliverable (Doc. 9). On August 4, 2022, Plaintiff sent a letter to this Court (Doc. 10), that listed a return address at the ("HCFCU") in Hutchinson, Kansas. In the letter Plaintiff stated that he "evidenced his new address" but never received an acknowledgment. Plaintiff asserts that the return address was and always has been his up-to-date address. However, the address on his Complaint listed ("CSCC") not ("HCFCU"), and the ("CSCC") address was entered on the docket. (Doc. 1 at 1.) This Court stated that because ("HCFCU") was listed as the return address on the envelope in which Plaintiff mailed his Complaint and an October 21, 2021 letter addressed to the Clerk of Court, the Court vacated entry of judgment and reopened this case. Plaintiff Baskin paid the filing and administrative fees (Doc. 13). The Court Ordered Defendant(s) Giaboian, Diaz, and Westbrook to answer Plaintiff's threat to safety claim in (Count II) of the Complaint.

## II. MOTION TO DISMISS

### A. Standard of Review

A Court should not grant a motion to dismiss under Fed. R. Civ. P. 12 (b)(6), unless there is no set of facts that a Plaintiff could prove upon which relief could be granted. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80 78 S. Ct. 99 (1957).

Fidelity *Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1435 (9th Cir.1986). In ruling on a motion to dismiss a Court must take all material allegations in the Complaint as true and construe all facts in the light most favorable to the Plaintiff.

*NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898* (9th Cir. 1986).

To survive a Rule 12(b)(6) motion for failure to state a claim, a Complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." So that the defendant has a fair notice of what the ... claim is and the grounds upon which it rests."

*Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555, 127, S. Ct. 1955 167 L. Ed. 2d 929 (2007).

## III. ARIZONA'S LONG-ARM STATUTE CONFERS PERSONAL JURISDICTION OVER DEFENDANTS GIABOIAN AND DIAZ.

### A. Analysis

The district court applies the law of the state in which the district court sits. Arizona's long-arm statute allows Arizona court's to exercise personal jurisdiction to the maximum extent permitted under the <u>Due Process Clause of the United States Constitution</u>. See <u>Ariz. R. Civ. P. 4.2(a)</u>; *Uberti and C, v. Leonardo,* 181 Ariz. 565 892 P.2d 1354 1358 (Ariz. 1995). Due process requires that the defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and justice." *Int'l Shoe Co. v. State of Wash. Office of Unemployment Compensation and Placement,* 326 U.S. 310, 316, 66

S. Ct. 145, 90 L. Ed. 95 (1945) (Internal quotations and citation omitted).

To establish specific personal jurisdiction Plaintiff Baskin must show: (1) the nonresident defendant purposefully directed his activities at the forum (2) the claim arises out of the defendant's forum related activities, and the exercise of jurisdiction is reasonable. Conversly, specific personal jurisdiction exists when a lawsuit arises out of, or is related, to the defendant's contact with the forum. *Helicopters Nacionales de Colo. S.A. v. Hall*, 466 U.S. 408, 414 n. 8 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).

With regard to the Second prong of the test for specific personal jurisdiction the Ninth Circuit adopted a "but for" test for determining whether a Plaintiff's cause of action arises out of the defendant's forum-related activities. *Doe,* 112 F.3d at 105. The "arising out of" requirement is met, but for the contacts between the defendant and forum state, the cause of action would not have arisen. *Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 561 (9th Cir. 1995).

**IV.     PLAINTIFF BASKIN ASSERTS VENUE IS PROPER IN ARIZONA.**

Courts look to the venue provisions of 28 U.S.C. § 1391 to determine whether venue is proper. Id. Section 1391(b) provides:

> A civil action may be brought in --
>
> (2)   a judicial district in which substantial parts of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action.

Plaintiff Baskin argues that venue is proper in the district of Arizona under subsection 2.

"[I]"n a tort action, "in determining where a substantial part of the events giving rise to the claim occurred, "the locus of the injury [is] a relevant factor." *Myers v. Bennett Law offices*, 238 F.3d 1068, 1076 (9th Cir. 2001).

**IV.     DEFENDANTS GIABOIAN AND DIAZ DELIBERATE INDIFFERENCE TO PLAINTIFF BASKIN'S THREAT TO SAFETY.**

To state a § 1983 claim based on a policy, practice or custom, the plaintiff must show that: (1) Plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to Plaintiff's constitutional right; and (4) the policy or custom was the "moving force behind the constitutional violation." *Mabe v. San Bernadino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1164 (9th Cir. 2001).

A convicted prisoner's claim for threat to safety or failure to protect arises under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535, 99 S. Ct. 1861 60 L. Ed. 2d 447 & n. 16 (1979).

The claims in the civil rights Complaint pursuant to 42 U.S.C. § 1983, arise out of the injuries sustained while in the custody and care of Both Entities e.g., Kansas Department of Corrections ("KDOC") Officers/Defendants Giaboian, Diaz, and TransCor of America ("TOC") Defendant Westbrook. ***See Exhibit {B} CoreCivic/Saguaro Correctional Center, (Form 13-34A2) Facility Emergency Anatomical Form Evidencing Plaintiff Baskin Injuries.***

Here this Court asserts that Plaintiff Baskin sufficiently alleges facts to support that Defendants Giaboian, Diaz, and Westbrook acted with deliberate indifference to a threat to Plaintiff's safety by repeatedly failing to adjust Plaintiff's restraints for hours (Doc. 14).

**V.     DEFENDANTS ARGUMENT ON FAILURE TO EXHAUST IS IMPROPERLY BROUGHT ON A MOTION TO DISMISS**

An unenumerated motion under *Fed. R. Civ. P. 12(b)* is not the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the Prison Litigation Reform Act (PLRA). *42 U.S.C.S § 1997e(a)*.    *Albino v. Baca, 697 F.3d 1023, 2012* (9th Cir. Cal., 2012).    An unenumerated motion under *Fed. R. Civ. P. 12(b)* based

on the failure to exhaust remedies is closely analogous to a motion for a summary judgment and if the district court looks beyond the pleadings in deciding the motion, the district court must assure that a pro se prisoner plaintiff has fair notice of his opportunities to develope a record. The reasons for requiring such notice are the same as the reasons for requiring a Rand notice for motion for summary judgment, which include the complexity of the summary judgment rule and the lack of sophistication of the pro se prisoner. A motion to dismiss for failure to exhaust is also complex, and a pro se prisoner lacking sophistication is unlikely to respond to a motion to dismiss for failure to exhaust administrative remedies.

Fundamental input to prisoners are their *First Amendment* "right[s] to file prison grievances," *Bruce v. Ylst,* 351 F.3d 1283, 1288 (9th Cir. 2003), and to "pursue civil rights litigation in the courts." *Schroeder v. Mc Donald,* 55 F.3d 454 461 (9th Cir. 1995), without those bedrock constitutional guarantees inmates would be left with no viable mechanism to remedy prison injuries. and because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermines those protections, such actions violate the constitution quite apart from any underlying misconduct they are designed to shield. See e.g., *Pratt Rowland,* 65 F.3d 802 806 & n.4 (9th Cir. 1995), ("The prohibition against retaliatory punishment is 'clearly established", in the Ninth Circuit, for qualified immunity purposes. That retaliatory actions by prison officials are cognizable under § 1983  has also been widely accepted in other circuits,") (Citing *Schroeder*, 55 F.3d at 461; *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir.1998); *Frazier v. Dubois,* 922 F.2d 560, 561-62 (10th Cir. 1990); *Maxwell v. Roberts*, 909 F.2d 1203 (8th Cir. 1990); *Bridges v. Russell,* 757 F.2d 1155 (11th Cir. 1985); *Buise v. Hudkins,* 584 F.2d 223 (7th Cir. 1978)).

Here Plaintiff Baskin utilized the The Kansas Department of Corrections ("KDOC")

Grievance Procedure Outlined in K.A.R. 44-15-101(a) and The CoreCivic/Saguaro Correctional Center ("CSCC") Grievance Procedure Outlined in 14-5B, ("KDOC") Secretary of Corrections Mr. Jeff Zmuda, and Deputy Secretary of Corrections Mr. Joel Hrabe, were personally provided with evidence of the Grievance filed, and Plaintiff Baskin's Injuries, Thereby failing to adhere and to abide by their own policy. Warden Todd Thomas Threatened retaliatory actions for utilizing the Grievance Procedure Outlined in 14-5B (Doc. 1).

VI.     **DEFENDANTS REQUEST TO ALTERNATIVELY TRANSFER**

VII.    **MOTION TO DISMISS.**

   **A. Standard of Review**

A Court should not grant a motion to dismiss under Fed. R. Civ. P. 12 (b)(6), unless there is no set of facts that a Plaintiff could prove upon which relief could be granted. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80 78 S. Ct. 99 (1957).

Fidelity *Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1435 (9th Cir.1986). In ruling on a motion to dismiss a Court must take all material allegations in the Complaint as true and construe all facts in the light most favorable to the Plaintiff.
*NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898* (9th Cir. 1986).

To survive a Rule 12(b)(6) motion for failure to state a claim, a Complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." So that the defendant has a fair notice of what the ... claim is and the grounds upon which it rests."
*Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555, 127, S. Ct. 1955 167 L. Ed. 2d 929 (2007).

This Court agrees that Plaintiff Baskin sufficiently alleges facts which support that Defendants Giaboian and Diaz had knowledge of but disregarded an excessive and substantial risk of harm and safety and further failed to take steps to protect Plaintiff Baskin.

## VIII.   CONCLUSION

For these reasons. Plaintiff Baskin respectfully request this Court to dismiss Defendants (FNU) Giaboian and (FNU) Diaz motion to dismiss the timely filed Complaint, and further request that this Court find that it confers personal jurisdiction over Defendants Giaboian and Diaz, under Ariz. Civ. R. P. 4.2(a), and that venue is proper under 28 U.S.C. § 1391 (b)(2), further that Baskin's Complaint meets the requirement of Ariz. Civ. R. P. 8.2(a), and find transfer to an alternative forum, unreasonable.

DATED this 5th day of May 2023.

BENTON GENE BASKIN

By _____
Benton G. Baskin, I/M #52888
Hutchinson Correctional Facility Central
P.O. Box 1568
Hutchinson, Kansas 67504-1568

*Plaintiff-Civil Rights Complainant Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>5th</u> day <u>May</u>, 20 <u>23</u>. a true and correct copy of the above and foregoing Plaintiff Baskin's Response and Motion to Dismiss Defendants (FNU) Giaboian and (FNU) Diaz Motion to Dismiss Complaint, Due to Lack of Personal Jurisdiction, Improper Venue, or Failure to State a Claim, or Alternatively, Transfer, was made by depositing the same in the United States Mail, postage prepaid addressed to the following:

Debra D. Lucas
District Court Executive/Court Clerk
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street SPC 1
Phoenix, Arizona 85003-2118

Matthew L. Shoger, KS No. 28151
Assistant Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
*Attorney for Defendant Giaboian & Diaz*

Struck Love Bojanowski & Acedo, PLC
Daniel P. Struck Bar No. 012377
Dana M. Keene, Bar No. 033619
Courtney Lacaillade, Bar No. 035573
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
*Attorneys for Defendant Westbrook*

_____
Benton G. Baskin, I/M #52888
*Plaintiff-Civil Rights Complainant Pro se*