Benton G. Baskin, I/M #52888
Hutchinson Correctional Facility Central
P.O. Box 1568
Hutchinson, Kansas 67504
Phone: (620)-662-2321
Fax:      (620)-728-3473
E-mail: www.gettingout.com
*Plaintiff-Civil Rights Complainant Pro se*



# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benton Gene Baskin, | CASE NO. CV-21-01890-PHX-SPL(JFM) |
| Plaintiff, | **PLAINTIFF BASKIN'S RESPONSE AND MOTION TO DISMISS DEFENDANT WESTBROOK'S MOTION TO DISMISS COMPLAINT AS TIME BARRED, LACK OF PERSONAL JURISDICTION, AND IMPROPER VENUE** |
| v. | |
| Todd   Thomas, et al., | |
| Defendants. | |

Plaintiff Baskin moves to dismiss Defendant Charles K. Westbrook's motion to dismiss the pending and timely filed civil rights Complaint pursuant to 42 U.S.C. § 1983, under the prison mailbox rule.   Additionally Arizona's long-arm statute confers personal jurisdiction over Defendant Westbrook to the maximum extent allowed by the Due Process Clause of the United States Constitution under Ariz. Civ. R. P. 4.2(a), and Venue is proper under the provisions of 28 U.S.C. § 1391 (b)(2). Further Defendant Westbrook's motion should be dismissed for failure to follow this Court's order to respond to Plaintiff's deliberate indifference to a threat to safety claim in Count II. (Doc. 14, IV).   Therefore Plaintiff Baskin respectfully request that this motion to dismiss Defendant Westbrook's motion may be granted.

## I.      BACKGROUND.

Plaintiff Benton Gene Baskin, a Kansas Department of Corrections ("KDOC") Inmate whom was Interstate Corrections Compact ("ICC") transferred to Core Civic Saguaro Correctional Center ("CSCC") in   Eloy, Arizona, on October 23, 2019, and resided as an Arizona Contract Kansas Prisoner for seventeen months, then Interstate Corrections Compact ("ICC") transfer returned on December 17, 2020,   to the Kansas Department of Corrections ("KDOC") at the Hutchinson Correctional Facility Central-Unit ("HCFCU") in Hutchinson, Kansas. (Dkt. 10, 12).   On October 21, 2021,   Plaintiff Benton Gene Baskin, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983, an Application to Proceed In Forma Pauperis (Doc. 2), and a motion to Appoint Counsel (Doc. 3) and delivered the documents to Prison Official Ms. Sarah Roach, Unit Team Manager ("UTM") at Hutchinson Correctional Facility Central-Unit ("HCFCU").   ***See Exhibit {A} Kansas Department of Corrections Account Withdrawal Request Form for Postage, Proof Evidencing that the Documents were Delivered on October 22, 2021, for Mailing.***
Under the prison mailbox rule a prisoner's filings are deemed "filed" at the time they are delivered to prison official for mailing. *See Stillman v. LaMarque*, 319 F.3d 1199. (9th Cir. 2003).

Here this Court received on November 8, 2021, Plaintiff Benton Gene Baskin's, pro se civil rights Complaint pursuant to 42 U.S.C. § 1983, Application to Proceed In Forma Pauperis (Doc. 2), and a motion to Appoint Counsel (Doc. 3).   The same day, a notice of assignment was docketed and mailed to Plaintiff Baskin at ("CSCC"), which appeared as his address of record (Doc. 4) on the Complaint, but his return address was listed as ("HCFCU") on the envelope containing the Complaint.   On November 18, 2021, the copy of the notice of assignment mailed

to Plaintiff Baskin was returned as undeliverable (Doc. 5).   The Prison Officials at ("CSCC")
were aware of Plaintiff Baskin's address and failed to forward the notice of assignment to
Plaintiff at the ("HCFCU") address.

In a December 15, 2021 Order this Court denied the deficient Application to Proceed In
Forma Pauperis (Doc. 6) copies of that Order mailed to Plaintiff at the ("CSCC") address were
returned as undeliverable (Doc. 7), After Plaintiff failed to either pay the filing and
administrative fee or properly complete Application to Proceed In Forma Pauperis, the Clerk of
Court entered judgment of dismissal (Doc. 8).   A copy of judgment to Plaintiff at ("CSCC") was
returned as undeliverable (Doc. 9).   On August 4, 2022, Plaintiff sent a letter to this Court (Doc.
10), that listed a return address at the ("HCFCU") in Hutchinson, Kansas.   In the letter Plaintiff
stated that he "evidenced his new address" but never received an acknowledgment.   Plaintiff
asserts that the return address was and always has been his up-to-date address. However, the
address on his Complaint listed ("CSCC") not ("HCFCU"), and the ("CSCC") address was
entered on the docket. (Doc. 1 at 1.)   This Court stated that because ("HCFCU") was listed as
the return address on the envelope in which Plaintiff mailed his Complaint and an October 21,
2021 letter addressed to the Clerk of Court, the Court vacated entry of judgment and reopened
this case. Plaintiff Baskin paid the filing and administrative fees (Doc. 13).   The Court Ordered
Defendant(s) Giaboian, Diaz, and Westbrook to answer Plaintiff's threat to safety claim in
(Count II) of the Complaint.

II.     **PLAINTIFF BASKIN TIMELY FILED HIS CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. SECTION 1983 WITHIN THE TWO YEAR STATUTE OF LIMITATION PERIOD.**

Because 42 U.S.C. Section 1983 does not include it's own statute of limitations for it's claims, federal courts apply the statute of limitations for it's claims. Federal courts apply the statute of limitations governing personal injury claims in the forum state. Finkle v. Ryan, 174 F. Supp. 3d 1174, 1186 (D. Ariz. 2016). "In Arizona, the limitations period for personal injury claims is two years." Id. Federal Law also governs when a section 1983 accrues. Id. "Under Federal Law, a claim accrues 'when the Plaintiff knows or has reasons to know of the injury which is the basis for the action." Id. (quoting Two Rivers v. Lewis 174 F.3d 987, 991-92 (9th Cir. 1999)).

In this Circuit, the prison mailbox rule applies to section 1983 claims filed by inmates. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).   Under the prison mailbox rule, a pro se inmate's pleading is "filed" the moment the documents are delivered to the prison authorities for forwarding to the district court. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).   However, "[t]he incarcerated person has the initial burden to show that he or she gave the document to the prison authorities within the relevant time frame." *Franklin v. United States*, SA CR 06-0166-DOC. 2015 WL 13265918, at *6 (C.D. Cal. Jan. 12, 2015).   "The burden then shifts to the [defendant] to prove that the person had not given the document to prison authorities until after the statute of limitations had run." Id.; See also *Ray Clements* 700 F.3d 993, 1008 (7th Cir. 2012); *Allen v. Culliver*, 471 F.3d 1196, 1198-99 (11th Cir. 2006); *Caldwell v. Amend*, 30 F.3d 1199, 1203 (9th Cir. 1994).

Here, Plaintiff Baskin injuries occurred on October 23, 2019.   The Complaint was notarized by Corrections Counselor I (CCI) Mr. Leo C. Duran of ("HCFCU") on October 22,

-4-

2021, and Plaintiff Baskin subsequently delivered the Complaint to Ms. Sarah Roach, Unit Team Manager ("UTM") on October 22, 2021, for forwarding the documents to the Arizona District Court. *See Exhibit {A} Account Withdrawal Request for Postage and Notarization of the Complaint* (Doc. 1, Pg. 28). Therefore, this Court should dismiss Defendant Westbrook's motion to dismiss Plaintiff's civil rights Complaint pursuant to 42 U.S.C. § 1983, due to the nature it was timely filed under the prison mailbox rule.

## III.   ARIZONA'S LONG-ARM STATUTE CONFERS PERSONAL JURISDICTION OVER DEFENDANT WESTBROOK.

### A.   Analysis

The district court applies the law of the state in which the district court sits.   Arizona's long-arm statute allows Arizona court's to exercise personal jurisdiction to the maximum extent permitted under the <u>Due Process Clause of the United States Constitution</u>. See <u>Ariz. R. Civ. P. 4.2(a)</u>; *Uberti and C, v. Leonardo,* 181 Ariz. 565 892 P.2d 1354 1358 (Ariz. 1995).   Due process requires that the defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and justice." *Int'l Shoe Co. v. State of Wash. Office of Unemployment Compensation and Placement,* 326 U.S. 310, 316, 66 S. Ct. 145, 90 L. Ed. 95 (1945) (Internal quotations and citation omitted).

To establish specific personal jurisdiction Plaintiff Baskin must show: (1) the nonresident defendant purposefully directed his activities at the forum (2) the claim arises out of the defendant's forum related activities, and the exercise of jurisdiction is reasonable. Conversely, specific personal jurisdiction exists when a law suit arises out of, or is related, to the defendant's contact with the forum. *Helicopters Nacionales de Colo. S.A. v. Hall*, 466 U.S. 408, 414 n. 8 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984).

With regard to the Second prong of the test for specific personal jurisdiction the Ninth

Circuit adopted a "but for" test for determining whether a Plaintiff's cause of action arises out of the defendant's forum-related activities. *Doe,* 112 F.3d at 105.   The "arising out of" requirement is met, but for the contacts between the defendant and forum state, the cause of action would not have arisen. *Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 561 (9th Cir. 1995).

## IV.     PLAINTIFF BASKIN ASSERTS VENUE IS PROPER IN ARIZONA.

Courts look to the venue provisions of 28 U.S.C. § 1391 to determine whether venue is proper. Id. Section 1391(b) provides:

> A civil action may be brought in --

(2)   a judicial district in which substantial parts of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action.

Plaintiff Baskin argues that venue is proper in the district of Arizona under subsection 2.

"[I]"n a tort action, "in determining where a substantial part of the events giving rise to the claim occurred, "the locus of the injury [is] a relevant factor." *Myers v. Bennett Law offices,* 238 F.3d 1068, 1076 (9th Cir. 2001).

### A. Standard

#### 1.     Burden Defending in the Forum.

This Court notes that "modern advances in communications and transportation have significantly reduced the burden of litigating" in another forum. *Sinatra v. Nat'l Enquirer, Inc.,* 854 F.2d 1191, 1199 (9th Cir. 1988).

#### 2.     Conflict with the Sovereignty of Defendant Westbrook.

Defendant Westbrook alleges conflict with the sovereignty of his State of Residence in Nashville, Tennessee. Just like in Arizona, Tennessee recognizes that "[w]hen a corporate officer commits a tort while in the performance of his duties, he is individually liable for the wrongful

act.

**3.      Forum State's Interest**

**4.      Efficiency of Adjudication.**

Plaintiff Baskin asserts that Arizona is the most efficient forum in which to hear this case, given that this Court is already familiar with the claims, facts, and parties involved, efficiency of adjudication can most readily be achieved by leaving the case where it is; in the District of Arizona.

**5.      Convenience and Effectiveness of Relief for Plaintiff Baskin.**

This Court is required to look at the convenience and effectiveness of relief of having trial in Plaintiff's desired forum. The maintenance of a suit outside of Arizona would be clearly less convenient for Plaintiff Baskin, as the claims can be more effectively remedied in Arizona

**6.      Plaintiff Baskin's Injuries Arise Out of Defendant Westbrook's Forum Related Activities.**

This Court must "rely on a "but for" test to determine whether a particular claim arise out of forum-related activities thereby satisfies the second requirement for specific jurisdiction." *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). With regard to the second prong of the test for specific personal jurisdiction the Ninth Circuit has adopted a "but for" test for determining whether a Plaintiff's cause of action arises out of the defendant's forum-related activities. Doe, 112 F.3d at 105.   The "arising out of" requirement is met, but for the contacts between the defendant and forum state, the cause of action would not have arisen. Terracom v. Valley Nat'l Bank, 49 F.3d 555, 561 (9th Cir. 1995).

## V.    DEFENDANT WESTBROOK'S DELIBERATE INDIFFERENCE TO PLAINTIFF BASKIN'S THREAT TO SAFETY.

To state a § 1983 claim based on a policy, practice or custom, the plaintiff must show that: (1) Plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to Plaintiff's constitutional right; and (4) the policy or custom was the "moving force behind the constitutional violation." *Mabe v. San Bernadino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1164 (9th Cir. 2001).

A convicted prisoner's claim for threat to safety or failure to protect arises under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535, 99 S. Ct. 1861 60 L. Ed. 2d 447 & n. 16 (1979).

The claims in the civil rights Complaint pursuant to 42 U.S.C. § 1983, arise out of the injuries sustained while in the custody and care of Both Entities e.g., Kansas Department of Corrections ("KDOC") Officers/Defendants Giaboian, Diaz, and TransCor of America ("TOC") Defendant Westbrook. ***See Exhibit {B} CoreCivic/Saguaro Correctional Center*** Here this Court asserts that Plaintiff Baskin sufficiently alleges facts to support that Defendants Giaboian, Diaz, and Westbrook acted with deliberate indifference to a threat to Plaintiff's safety by repeatedly failing to adjust Plaintiff's restraints for hours (Doc. 14).

## VI.    MOTION TO DISMISS

### A. Standard of Review

A Court should not grant a motion to dismiss under Fed. R. Civ. P. 12 (b)(6), unless there is no set of facts that a Plaintiff could prove upon which relief could be granted. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80 78 S. Ct. 99 (1957). Fidelity *Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1435 (9th Cir.1986).   In ruling on a motion to dismiss a Court must take all material allegations in the

Complaint as true and construe all facts in the light most favorable to the Plaintiff.

*NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898* (9th Cir. 1986).

      To survive a Rule 12(b)(6) motion for failure to state a claim, a Complaint must meet the requirements of Rule 8(a)(2).   Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." So that the defendant has fair notice of what the ... claim is and the grounds upon which it rests."

*Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555, 127, S. Ct. 1955 167 L. Ed. 2d 929 (2007).

## VIII.   CONCLUSION

      For these reasons. Plaintiff Baskin respectfully request this Court to dismiss Defendant Westbrook's motion to dismiss the timely filed Complaint, and further request that this Court find that it confers personal jurisdiction over Westbrook, under Ariz. Civ. R. P. 4.2(a), and that venue is proper under 28 U.S.C. § 1391(b)(2).

      DATED this 5th day of May 2023.

                                 BENTON GENE BASKIN

By _Benton G. Baskin_

                           Benton G. Baskin, I/M #52888
                           Hutchinson Correctional Facility Central
                           P.O. Box 1568
                           Hutchinson, Kansas 67504-1568

                           *Plaintiff-Civil Rights     Complainant Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on this  5th  day of _____May_____ , 20 _23_ . a
true and correct copy of the above and foregoing Plaintiff Baskin's Motion and Response to
Dismiss Defendant's Westbrook's Motion to Dismiss Complaint as Time Barred, Lack of
Personal Jurisdiction, and Improper Venue, was made by depositing the same in the United
States Mail, postage prepaid addressed to the following:

Debra D. Lucas
District Court Executive/Court Clerk
Sandra Day O'Connor U.S. Courthouse
Suite 130
401 West Washington Street SPC 1
Phoenix, Arizona 85003-2118

Struck Love Bojanowski & Acedo, PLC
Daniel P. Struck, Bar No. 012377
Dana M. Keene, Bar No. 033619
Courtney Lacaillade, Bar No. 035573
3100 West Ray Road, Suite 300
Chandler, Arizona 85220
*Attorneys for Defendant Westbrook*

Matthew L. Shoger, KS No. 28151
Assistant Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
*Attorney for Defendant Giaboian & Diaz*

Benton G. Baskin, I/M #52888
*Plaintiff-Civil Rights Complainant Pro se*

-10-