SKC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benton Gene Baskin, | No.  CV-21-01890-PHX-SPL (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Todd Thomas, et al., | |
| Defendants. | |

      Plaintiff Benton Gene Baskin, who is confined in the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 based on his alleged injuries from being confined in overtight restraints during his transport from the HCF to the CoreCivic Saguaro Correctional Center (SCC) in Eloy, Arizona and improper medical care after he arrived at the SCC.[1]  TransCorporation of America Supervisor Defendant Westbrook and Kansas Department of Corrections (KDOC) Defendants Giaboian and Diaz separately moved to dismiss on several grounds (Docs. 20,  21), and on July 17, 2023, the Court issued an Order and Order to Show Cause, granting in part Defendants' Motions to the extent it found it lacked personal jurisdiction and venue over Plaintiff's claims.  (Doc. 40.)  As a result, the Court determined that Plaintiff's claims must either be transferred to a district court with jurisdiction and venue, such as the District of Kansas, or dismissed.  (*Id.* at 23.)

---

[1] Plaintiff's medical care claims against SCC medical providers were dismissed on screening.  (*See* Doc. 14.)

The Court did not transfer this action to the District of Kansas or any other judicial district at that time because Plaintiff had not requested transfer and had not shown that this action, if originally filed in the District of Kansas, would be timely. In his Responses to Defendants' Motions, Plaintiff also opposed transfer even though he is once again at the HCF in Kansas and no longer incarcerated in Arizona. (*See id.* at 2 n.1, 16, 23.) Because the Court's only other option was dismissal, which Plaintiff also opposed, the Court gave Plaintiff 15 days from the date of its Order to respond in writing, showing cause why this action should be transferred to the District of Kansas instead of dismissed. (*Id.* at 23.) The Court also stated, "[i]f Plaintiff does not **respond** to the Order to Show Cause within **15 days** or does not show cause why this action should be transferred to the District of Kansas instead of dismissed, the Court will dismiss this action in its entirety for lack of personal jurisdiction over Defendants." (*Id.* at 24 (emphasis in original).)

Since that Order, KDOC Defendants filed a Motion for Reconsideration, seeking reconsideration of the Court's denial of its Motion to Dismiss based on Plaintiff's alleged failure to exhaust his administrative remedies. (Doc. 41.) The Court need not address the merits of this Motion because the time for Plaintiff to respond to the Order to Show Cause has elapsed, and Plaintiff did not file a response to that Order. The Court will therefore dismiss this action without prejudice for lack of personal jurisdiction/venue and will deny as moot KDOC Defendants' Motion for Reconsideration for failure to exhaust.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to KDOC Defendants' Motion for Reconsideration (Doc. 41), and the Motion is **denied** as moot.

(2) The Court's Order to Show Cause (Doc. 40) is **discharged** because the time to respond has expired, and Plaintiff did not file a timely response.

. . . .

. . . .

. . . .

. . . .

(3) This action is **dismissed** without prejudice for lack of personal jurisdiction and venue; the Clerk of Court must enter **judgment** accordingly.

Dated this 14th day of August, 2023.

Honorable Steven P. Logan
United States District Judge